

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00561-CR

William Huizar **WILSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 19-03-0075-CRA
Honorable Russell Wilson, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:    Beth Watkins, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: October 11, 2023

AFFIRMED

William Huizar Wilson was indicted for sexual assault. Wilson entered a plea bargain with the State in which he pled guilty. The trial court accepted his guilty plea, deferred a finding of guilt, ordered that he be placed on community supervision for ten years, and assessed a $2,000 fine. As part of the plea bargain, Wilson agreed to terms and conditions of community supervision, including a requirement to participate in sex offender counseling as directed by his community supervision officer.

On April 4, 2022, the State filed a Motion to Revoke Community Supervision. On June 21, 2022, Wilson pled true to violating the condition requiring him to participate and cooperate in individual and/or group counseling as directed by his community supervision officer. The trial court accepted Wilson's plea of true, ordered a presentence investigation report, and reset the case for further proceedings. On July 29, 2022, the trial court held the sentencing proceeding. After hearing testimony from four witnesses, the trial court adjudicated Wilson guilty and sentenced Wilson to twelve years' confinement in the Texas Department of Criminal Justice. This appeal follows.

Wilson's court-appointed appellate attorney filed a brief, which included a request to withdraw, in which he concludes this appeal is frivolous and without merit. The brief demonstrates a professional and thorough evaluation of the record and meets the requirements of *Anders v. California*, 87 S. Ct. 1396 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel sent copies of the brief, which included a request to withdraw, to Wilson and informed him of his rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). This court notified Wilson of the deadline to file a pro se brief. Wilson did not file a pro se brief. *See also Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). We have thoroughly reviewed the record and counsel's brief. We find no arguable grounds for appeal exist and have decided the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We therefore grant the request to withdraw filed by appointed counsel and affirm the trial court's judgment. *See id.*; *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Wilson wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for

discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See id.* 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.*

Lori I. Valenzuela, Justice

DO NOT PUBLISH